IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
2011 NOV 14 P 2: 11
CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| SYLVAN LEARNING, INC.<br>1001 Fleet Street<br>Baltimore, MD 21202<br><br>Plaintiff,<br><br>V.<br><br>SYLVANFRANCHISEISSUES.COM,<br>An Internet Domain Name<br>www.sylvanfranchiseissues.com<br><br>Defendant | Case No.: 1:11-cv-00310-LMB-TRJ |

## Motion for Declaratory Judgment

Mr. Jerry Whittaker ("Whittaker") hereby moves the Court for *Declaratory Judgment* in favor of Defendant SYLVANFRANCHISEISSUES.COM ("SFI") in accordance with the Federal Rules of Civil Procedure, Rule 57, and Local Rule 7. Whittaker waives the right to a Hearing, and the Court may rule based upon the written record pursuant to Local Rule 7(J).

As has been established on the record, this Court has overseen an "actual controversy," "within its jurisdiction," and Whittaker is an "interested party." Therefore, the conditions of the Federal Declaratory Judgment Act have been met, 28 U.S. § 2201(a). "Situations justifying exercise of the court's discretion to issue a declaratory judgment include (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Minnesota Min. and Mfg. Co. v. Norton Co.*, 929 F. 2d 670, 672-73 (Fed. Cir. 1991) (internal quotations omitted).

The Plaintiff in this matter, SYLVAN LEARNING, INC. ("Sylvan") originally filed its Complaint on March 25, 2011 (Doc. 1). Since that time, Sylvan was allowed to supplement its position with additional briefings and affidavits (Doc. 30-32).

Plaintiff Sylvan was unable to prevail on its Motion for Default Judgment (Doc. 23) even after filing its Memorandum in Support (Doc. 24), attending a Hearing on August 12, 2011, and proffering the aforementioned supplements. There was technically no opposition by Defendant.

Magistrate Judge Jones filed his Report and Recommendation on October 27, 2011 (Doc. 33). Even with no opposition by Defendant, Judge Jones recommended that Sylvan's Motions for Default Judgment and Summary Judgment be <u>denied</u> (Doc. 33, p. 2, 11-12, 18). The Report also acted as an "Order to Show Cause," and Plaintiff had until November 10, 2011 to file objections to the Report and Recommendation.

Plaintiff Sylvan has not shown cause or filed any objections, and has, in fact, filed a Voluntary Dismissal, under Federal Rule 41, on November 7, 2011 (Doc. 34).[1] Plaintiff's voluntary dismissal is "without prejudice." Judge Brinkema Ordered the case dismissed (Doc. 35) on November 8, 2011, and it appears that the clerk has closed this case.

Plaintiff Sylvan should never be allowed to re-litigate this issue in the future[2], and a Declaratory Judgment is now needed for several reasons.

As a threshold matter, the Court should consider this Motion even though it comes after the Clerk has closed the case. Courts will often evaluate motions on collateral issues like

---

[1] Plaintiff <u>never served a copy of this Notice</u> to Whittaker, which it had done for all other filings. The Clerk thankfully sent an email copy to Whittaker.

[2] Rule 41(a)(1), used by Plaintiff, "does not have a res judicata effect." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990).

Additionally, whether or not a suit will be threatened in the future is irrelevant. Declaratory Judgment should be based on the totality of the circumstances. See *MedImmune, Inc. v. Genentech*, 127 S.Ct. 764 (2007); and *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937). See also *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372 (Fed. Cir. 2007).

2

attorney's fees even after a case has closed. Courts will also allow more substantial motions on issues concerning the case itself. For instance, this Court and the 4th Circuit allow parties to Intervene even after a judgment has been entered. See *Patterson v. Shumate*, 912 F.2d 463 (4th Cir. 1990) (per curiam); *Kalos v. Wisenbaker Holdings, LLC*, Civ.A.No: 10-cv-01335-JCC-TCB (Cacheris Opinion, Doc. 38, 2/23/11). It is also well established that issues such as Sanctions can be investigated and determined after a case is closed, and even if a party has made a voluntary dismissal under Rule 41. "Accordingly, the court held that such sanctions must be available in appropriate circumstances notwithstanding a private party's effort to cut its losses and run out of court, using Rule 41 as an emergency exit." *Cooter*, 496 U.S. at 390. "Rule 41(a) does not codify any policy that the plaintiff's right to one free dismissal also secures the right to file baseless papers." *Id.* at 397-8. See also *In re Kuntsler*, 914 F.2d 505, at 512-3 (4th Cir. 1990).

Furthermore, issues of judicial economy and fairness necessitate the Court accepting and ruling on this Motion. The alternative would be for a "Complaint for Declaratory Judgment." Opening new litigation would simply impose additional costs on all parties and the Court. This issue can be decided here and now, and two primary reasons compel this Court to make the necessary Declaration.

First, Plaintiff will never be able to prevail in this matter. The existing record has already shown that there is no set of existing facts that will allow plaintiff to win a judgment –and there never will be. Any future litigation will certainly waste the Court's time further, and cause all parties to expend unnecessary resources. In fact, this would be highly abusive to the Defendant, SFI, which is a legitimate website that produces absolutely no revenue and would be unable to afford to retain an attorney.

Second, Plaintiff's Complaint was largely a baseless endeavor[3] to curtail the legitimate Constitutional rights of a class of people. "An evaluation of the harm is necessary to determine whether the rendering of a declaratory judgment will serve a useful purpose in settling the legal relations...". *Minnesota Min. and Mfg.*, 929 F. 2d at 674. The users and visitors of the SFI website have Constitutional rights to freedom of speech, freedom of assembly, and due process. There is no doubt that internet traffic on the SFI website has been radically diminished by this unjust lawsuit. Upon information and belief, users and visitors are afraid to visit or post on the SFI website for fear of being discovered and punished by Sylvan. That fear no longer needs to exist, and this Court is in a position to assure those individuals that their rights are upheld.

Whereas the conditions for Declaratory Judgment have been met; and

Whereas Plaintiff Sylvan will never be able to prevail in future litigation; and

Whereas Constitutional public policy concerns are at issue;

Whittaker moves this Court for a Declaration to the effect of:

**"Sylvanfranchiseissue.com does not violate any part of the Lanham Act."**

Date: November 14, 2011

Respectfully submitted,

*/s/ Jerry Whittaker*
Jerry Whittaker, Movant

---

[3] This case unjustly occupied this Court's time and resources. Plaintiff expended a great deal of resources only to lose a default judgment in which there was no opposition; this fact strongly weights towards the presumption that the Complaint was vexatious and had an improper purpose. Should the Court use its own initiative to consider Rule 11 Sanctions against Plaintiff and its counsel, Whittaker recommends a monetary sanction paid to a civil rights advocacy group of the Court's choice.

Jerry Whittaker
215 Jalaram Complex
Vapi-Silvassa Road
Vapi-396191
Gujarat, India
jerry@gamblingwiz.com

*Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify on this date, 14 November 2011, that a copy of the foregoing Motion was filed with the Clerk for the US District Court for the Eastern District of Virginia, Alexandria Division, via courier. Notice of this filing will be sent to the opposing Counsel via email. Counsel for the Plaintiff is served as listed below:

Janet F. Satterthwaite, Partner
Christopher B. Crook, Associate
Elissa B. Reese, Associate
Venable LLP
575 7th Street, NW
Washington, DC 20004
202-344-4000 (phone)
202-344-8300 (fax)
jfsatterthwaite@Venable.com
cscrook@Venable.com
ebreese@Venable.com

*Counsel for the Plaintiff,*
*Sylvan Learning, Inc.*

Jerry Whittaker